UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-797 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 13] |
| vs. | : | |
| LAHVENUS WHITTED, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

A federal grand jury indicted Defendant Lahvenus Whitted on one count of possession with intent to distribute a controlled substance.[1]

Defendant Whitted moves to suppress evidence that police discovered while executing a search warrant.[2] In support of the motion to suppress, Defendant argues the warrant was issued without probable cause. Moreover, Defendant asserts the affidavit on which the search warrant was based was so lacking that the good faith exception to the exclusionary rule ought not apply.[3] The Government opposes.[4]

For the following reasons, the Court **GRANTS** Defendant's motion to suppress.

I. Background

On October 23, 2020, an Ashtabula, Ohio police officer gave an Ohio judge an affidavit to support a search warrant application. Most of the affidavit is boilerplate focused

---

[1] Doc. 9.
[2] Doc. 13.
[3] *Id.*
[4] Doc. 14.

Case No. 1:20-cr-00797
GWIN, J.

on the officer's training, experience, and general knowledge of drug trafficker behavior.[5] Likely a form affidavit that is supplemented with some case particulars.

About one-and-a-half pages of the seven-page affidavit provides relevant information that the Ohio judge could use for their probable cause determination.[6]

The affidavit states that on the day previous to the affidavit execution day, October 22, 2020, police conducted a controlled buy through a confidential informant.[7] The investigating officers used a typical protocol.

To set up the controlled buy, Officers met with informant, searched the informant and the informant's car, and then provided the informant with drug purchase money.[8] Police kept the informant under surveillance and equipped the informant with a recording device.

Then, the informant met with the target, "D.T." who was supposed to supply heroin and marijuana. As described in the affidavit: "The purpose of the meeting was to conduct a controlled purchase of marijuana and heroin from ["D.T."]."[9]

At the informant's meeting with "D.T.", "D.T." told the informant that "D.T." brought the heroin that the informant requested and brought some of the marijuana that the informant requested but explained that "D.T." needed to obtain the balance of marijuana for the purchase from "D.T.'s" source.[10]

---

[5] Doc. 13-1.
[6] Doc. 13-1.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*

Case No. 1:20-cr-00797
GWIN, J.

"D.T." directed the informant to drive to a duplex apartment on Chestnut Avenue in Ashtabula, Ohio. "D.T." entered the apartment and then returned with the half-ounce of additional marijuana to complete the sale.[11]

After the encounter with "D.T.," the informant turned the drugs over to police. Again, officers search the informant and the informant's vehicle for contraband.[12]

The search warrant affidavit gives inconsistent addresses. The affidavit describes the duplex location as 5113 Chestnut Ave, Ashtabula, Ohio. But the affidavit also testifies that police "have personally verified that 1310 W. 8th St, City of Ashtabula, Ashtabula County, State of Ohio is the correct address where UNKNOWN OCCUPANTS conducted illegal drug trafficking referred to herein."

The affidavit says the affiant "confirmed" the location to which the informant and "D.T." travelled with "GPS monitoring and visual observations."[13] This statement refers to an incorrect address; 1310 W. 8th St. and was not the location police were seeking a warrant to search.

Upon review of the affidavit, an Ohio judge issued a search warrant for the Chestnut Avenue duplex apartment, where Defendant Whitted resided.

II. Discussion

   A. The Search Warrant Was Unsupported by Probable Cause.

When evaluating whether an affidavit was sufficient to support a probable cause determination, the reviewing court "is limited to the information presented in the four

---

[11] Doc. 13-1.
[12] *Id.*
[13] *Id.*

- 3 -

Case No. 1:20-cr-00797
GWIN, J.

corners of the affidavit."[14] The court considers whether the issuing judge "had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited."[15] Further, the court affords "great deference" to the issuing court's probable cause finding.[16]

In this case, the affidavit states that "D.T.," who already had already delivered heroin and some marijuana, asked the informant to drive to the Chestnut Avenue apartment so that "D.T." could get more marijuana. Then, "D.T." went into the apartment, spent five minutes in the apartment, came out, and handed pre-packaged marijuana to the informant.

The affidavit is completely silent, however, as to the confidential informant's reliability and is silent regarding drug dealer "D.T."'s reliability or reputation for truthfulness.

Moreover, the affidavit includes limited corroborating information.[17] While the affidavit indicates there was some police monitoring of the controlled buy, it does not establish that the officers observed "D.T." enter the Chestnut Avenue apartment or that the officers heard "D.T." purchase marijuana in the apartment.[18]

Further, the officers did not debrief with the drug seller "D.T.," and therefore, could not provide any information about what occurred inside the apartment.

---

[14] *U.S. v. Brown*, 828 F.3d 375, 381 (6th Cir. 2016) (citing *U.S. v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009)).
[15] *U.S. v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001) (citing *U.S. v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)).
[16] *Id.* (citing *U.S. v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000)).
[17] *See U.S. v. Woosley*, 361 F.3d 924, 927 (6th Cir. 2004) ("[A]n affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information.")
[18] *See U.S. v. Jackson*, 470 F.3d 299, 307 (6th Cir. 2006) (finding corroboration where the officer listened to the controlled buy, observed the informant and target meet, heard them discuss the present and previous drug transactions, and field-tested the purchased substance); *U.S v. Coffee*, 434 F.3d 887, 893–94 (6th Cir. 2006) (finding corroboration where the officer observed the informant enter the target location).

Case No. 1:20-cr-00797
GWIN, J.

The Court is unpersuaded that the affidavit, which relied almost entirely on the informant and "D.T."'s uncorroborated statements, provided a substantial basis for the issuing judge to conclude there was probable cause.

Recall, we examine a search warrant allowing the search of a duplex residence and outbuildings and all persons and vehicles present or arriving along with all electronic devices (cell phones, tablets, computers), together with the seizure of "rental agreements, records, mail, ledgers, photographs, receipts, address books, answering machines, cellular phones, and other electronic storage media, financial records, conveyances, books, safes, safety deposit box keys, U.S. Currency, checks, money drafts, real estate drafts, deposit slips, canceled checks, printouts, and evidence of expenditure(s) of currency and currency equivalents. . ."[19] And the search warrant allows seizure of all these materials based upon a surmised days-old sale of ½ once of marijuana by some unknown person and without any other evidence that the duplex residence was otherwise associated with drug dealing.

### B.  The Good-Faith Exception Does Not Apply.

The good faith exception to the exclusionary rule does not apply when police relied on a search warrant "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[20]  "Determining whether the affidavit is so bare bones as to preclude application of the good-faith exception is a less demanding inquiry than the one involved in determining whether the affidavit provided a 'substantial basis' for the magistrate's conclusion of probable cause."[21]

---

[19] Doc. 13-1.
[20] *U.S. v. Leon*, 468 U.S. 897, 922 (1984) (internal quotations and citations omitted).
[21] *U.S. v. McPhearson*, 469 F.3d 518, 526 (6th Cir. 2006) (citing *U.S. v. Laughton*, 409 F.3d 744, 748–49 (6th Cir. 2005)).

Case No. 1:20-cr-00797
GWIN, J.

As noted above, the affidavit in this case only establishes that "D.T.," who already had marijuana on their person, entered the Chestnut Avenue apartment, and that when "D.T." exited, "D.T." also had marijuana. There is no additional information about the apartment, who lives there, or what activities go on inside. Moreover, the officers did not interview "D.T." about how the marijuana was obtained.

The Court is persuaded that the affidavit was so lacking that police reliance on the search warrant obtained with the affidavit was unreasonable.

### III. Conclusion

For the forgoing reasons, the Court **GRANTS** Defendant's motion to suppress.

IT IS SO ORDERED.

Dated: March 5, 2021              *s/      James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE