UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00797 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 18] |
| v. | : | |
| LAHVENUS WHITTED, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Lahvenus Whitted awaits trial on one count of possession with intent to distribute a controlled substance.[1]

Previously, the Court granted Defendant's motion to suppress evidence that police discovered while executing a search warrant for Whitted's apartment.[2]

Now, the Government moves the Court to reconsider its order granting Defendant's suppression motion.[3] Defendant opposes.[4]

For the following reasons, the Court **DENIES** the Government's motion for reconsideration.

I. Background

In this case, an Ohio court issued a search warrant for Defendant Whitted's apartment based on a police affidavit that describes a controlled-buy operation.[5] During the controlled buy, a confidential informant met with a target dealer to purchase a half-gram of heroin and

---

[1] Doc. 9.
[2] Doc. 16.
[3] Doc. 18.
[4] Doc. 19.
[5] Doc. 13-1.

Case No. 1:20-cr-00797
GWIN, J.

a half-ounce of marijuana. When the dealer met the informant, the dealer had a half-gram of heroin, but only an eighth of an ounce of marijuana. The dealer told the informant to drive to the dealer's supplier's apartment so the dealer could obtain the rest of the marijuana. The dealer directed the informant to Defendant's duplex. The dealer entered Whitted's unit and returned a few minutes later with an additional half-ounce of marijuana to complete the sale.[6]

Based on the above, the Ohio judge issued a search warrant for Defendant's duplex unit, "including all outbuildings and curtilage and all persons and vehicles present or arriving during the service of the search warrant, and the surrounding curtilage, along with all electronic devices (cell phones, tablets, computers)." Further, the warrant authorized the seizure of "video surveillance systems, notes, rental agreements, records, mail, ledgers, photographs, receipts, address books, answering machines, cellular phones, and other electronic storage media, financial records, conveyances, books, safes, safety deposit box keys, U.S. currency, checks, money drafts, real estate drafts, deposit slips, canceled checks, printouts and evidence of expenditure(s) of currency and currency equivalents, computers, software…"[7]

## II. Discussion

Generally, a court will reconsider an interlocutory order when there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a

---

[6] Doc. 13-1.
[7] *Id.*

Case No. 1:20-cr-00797
GWIN, J.

clear error or prevent manifest injustice."[8] But a motion for reconsideration is not intended to be an opportunity for parties to "re-litigate" issues the court has already decided.[9]

With its motion, the Government argues the Court should reconsider its order and opinion (1) to correct "material misstatements" of the facts, and (2) because the Sixth Circuit's recent decision in *U.S. v. White*[10] is an intervening change in controlling law.[11]

The Court will address each of these arguments in turn.

### A. Material Misstatements of Fact

The Government argues the Court materially misstates the facts in the Court's order and opinion in three separate instances.

First, the Government complains that the Court stated the dealer "had already delivered heroin and some marijuana" to the informant before arriving at Defendant Whitted's apartment.[12] According to the affidavit, the dealer and informant did not complete the sale until after the dealer returned from Whitted's unit.[13]

Admittedly, the Court was incorrect to say that the "had already *delivered*" the drugs. But this misstatement is hardly material and it does not alter the Court's conclusion. With its quibble, the Government seems to miss the important point—that the dealer *already* had the heroin and some marijuana before entering the Defendant's apartment.

---

[8] *Ne. Ohio Coal. for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009).
[9] *Id.*
[10] 990 F.3d 488 (6th Cir. 2021).
[11] Doc. 18.
[12] *Id.* at 6.
[13] Doc. 13-1.

Case No. 1:20-cr-00797
GWIN, J.

Second, the Government criticizes the Court's determination that the affidavit "does not establish the officers observed [the dealer] enter [Defendant's] apartment." According to the Government, "a fair reading of the affidavit" establishes otherwise.[14]

The Court disagrees. In its opinion, the Court acknowledged that in setting up the operation, "[p]olice kept the informant under surveillance and equipped the informant with a recording device."[15] Moreover, the Court stated that "the affiant 'confirmed' the location to which the informant and [the dealer] travelled with 'GPS monitoring and visual observations.'"[16]

However, at no point does the affiant state that police followed the informant and dealer from the initial meeting location to Whitted's apartment. Likewise, the affiant does not make clear that officers observed the dealer enter Defendant's unit. Certainly, the Court did not draw the inferences the Government hoped it would from the affidavit, but that does not mean the Court "materially misstated" the record.

Finally, the Government objects to the Court's statement that "the affidavit is completely silent . . . as to the informant's reliability." To support its objection, the Government argues *"[w]hile not explicitly stated in the affidavit*, conduct by [the informant] supports a reasonable inference of reliability[.]"[17]

Plainly, the Court did not materially misstate the facts when it pointed out that the affidavit did not discuss the informant's reliability.

---

[14] Doc. 18 at 7.
[15] Doc. 16 at 2.
[16] *Id.* at 3.
[17] Doc. 18 at 7.

- 4 -

Case No. 1:20-cr-00797
GWIN, J.

The Court is not persuaded that is must reconsider its order granting Defendant Whitted's suppression motion to correct material misstatements about the search warrant affidavit.

### B. Intervening Change in Controlling Law

The Government alternatively argues that the Sixth Circuit's recent *U.S. v. White* opinion requires the Court reconsider its order and opinion.[18]

The Court disagrees.

In *White*, an undercover officer twice purchased cocaine from a suspected drug dealer. On two occasions, the dealer met with the undercover officer, entered the defendant's home while the officer waited, returned to the officer, and sold the cocaine to the officer. On the first occasion, the officer waited outside the defendant's home. On the second occasion, the officer waited in a nearby alley and another detective observed the dealer enter the defendant's home before completing the cocaine sale. Based on the above events, a Michigan judge issued a search warrant. In reversing the district court's order granting the defendant's suppression motion, the Sixth Circuit held the Michigan judge had a substantial basis for finding probable cause.[19]

Contrary to the Government's assertions, *White* does not command this Court reconsider its order and opinion granting Defendant Whitted's suppression motion. First, in *White* there were two transactions.[20] Here, there was only one.[21] Second, in *White*, the

---

[18] Doc. 18 at 8–9.
[19] *White*, 990 F.3d at 489–90.
[20] *Id*. at 490 ("Even if doubt might cloud that conclusions after one transaction—perhaps [the dealer] had the drugs all along or perhaps [the dealer] had sold the last of the cocaine from [defendant's] house—that is not all there is. A second buy occurred forty days later and reinforced the inference.").
[21] Doc. 13-1.

- 5 -

Case No. 1:20-cr-00797
GWIN, J.

dealer did not appear to have drugs on his person before entering the defendant's home.[22]

Here, the dealer had both heroin and marijuana on his person before entering Whitted's apartment.[23]

The Court is not persuaded that is must reconsider its order granting Defendant Whitted's suppression motion based on the Sixth Circuit's *White* opinion.

The remainder of the Government's motion relies on arguments the Government made and the Court addressed in its original order and opinion. The Court will not reconsider them now.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the Government's motion for reconsideration.

IT IS SO ORDERED.

Dated: May 10, 2021　　　　　　　　　*s/　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[22] *White*, 990 F.3d at 490.
[23] Doc. 13-1.